**SO ORDERED.**

**SIGNED this 13th day of December, 2007.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| FERNANDO RUIZ-ESPARZA ROBLES | 07-30747-C |
| *DEBTOR* | CHAPTER 7 |

### MEMORANDUM DECISION AND ORDER ON MOTION FOR DECEASED DEBTOR TO BE EXCUSED FROM COMPLETING COURSE IN PERSONAL FINANCIAL MANAGEMENT UNDER 11 U.S.C. § 109(H)(4)

CAME ON for consideration the foregoing matter. No responses or objections have been filed. For the reasons stated below, the motion is granted.

The debtor filed his case on June 29, 2007. Unfortunately, the debtor died on August 1, 2007 during the pendency of the case (in fact prior to the scheduled section 341(a) meeting). The debtor's counsel has now filed this motion, seeking to excuse the debtor from the requirements of section 727(a)(11). That section, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, requires as a pre-condition to a debtor's obtaining a discharge in a chapter 7 case that the debtor "complete an instructional course concerning personal financial management ..." *See* 11

U.S.C. § 727(a)(11). The section excuses a debtor from the requirement to complete such a course if the debtor is a person described in section 109(h)(4). *See id.* Section 109(h)(4) in turn states that a debtor is excused from the requirement of obtaining the pre-petition briefing otherwise required by section 109(h)(1) as a condition of eligibility for bankruptcy relief, but only if the debtor is unable to participate in the briefing in person, by telephone, or via the Internet, due to "incapacity, disability, or active duty in a military combat zone." *See* 11 U.S.C. § 109(h)(4). The statute goes on to describe "incapacity" as limited to cases of mental illness or mental deficiency. It limits "disability" to cases in which the debtor is "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." *Id.*

The debtor's counsel makes the rather common-sense appeal that "death would appear to be a species of ... physical impairment" to warrant finding the debtor to be a person described in section 109(h)(4), such that the debtor should be relieved of the obligation to complete the instructional course on personal financial management. The point is well-taken. The court is confronted with the limits of its judicial power – it cannot require the debtor to attend and complete the instructional course, because the court's judicial power does not include the power to resurrect.[1]

The motion would be moot, however, if the deceased debtor could not get a discharge in any event. The Code itself is silent on the question. *See* 11 U.S.C. § 727(a). The Bankruptcy Rules provide that bankruptcy estate administration may continue despite the death of the debtor, but neither the applicable rule nor the Advisory Committee Notes state whether "administration" includes the granting of a discharge to the debtor. *See* FED.R.BANKR.P. 1016. However, the case

---

[1] The Bankruptcy Code contains numerous concepts and references with religious antecedents or connotations. Some debts can be "reaffirmed." Other debts can be "forgiven" (though some are so heinous that cannot be forgiven, or "discharged"). Some debtors' promises to repay their creditors can be "confirmed" by the court. Some collateral can be "redeemed." We even seek to give debtors a "fresh start." Though there are features of "resurrection" implicit in the ability to reorganize legal entities in chapter 11, there are no similar features available to individual persons in the Code.

law, as well as *Collier* and the legislative history to the Code, all support the conclusion that even a dead debtor can get a discharge. *See In re Perkins*, 2007 WL 4191950 (Bankr. S.D.Ill. Nov. 21, 2007); *In re Cummins*, 266 B.R. 852 (Bankr. N.D. Iowa 2001); *In re Doyle*, 209 B.R. 897, 906-07 (Bankr. S.D.Ill. 1997); *see also* H.R. REP. NO. 595, 95th Cong, 1st Sess 367-68 (1978); *see generally* 1 R. Ginsberg & R. Martin, *Ginsberg & Martin on Bankruptcy*, § 5.03[B] at 5-26 (4th ed. 1995); 9 L. King, *Collier on Bankruptcy*, ¶ 1016.04 (15th ed. rev. 2006).

The upshot of these authorities is straightforward. If the debtor had first obtained a discharge and died the day afterward, the debtor's probate estate would take such assets as passed to the debtor out of the bankruptcy estate's administration (usually limited to exempt assets), and would also enjoy freedom from the pre-petition claims of creditors against the debtor. The same result should obtain if the debtor dies prior to the day the discharge is granted.[2] *See Doyle, supra*; *see also* H.R. REPORT, *supra* ("... the discharge will apply in personam to relieve the debtor, and thus his probate representative, of liability for dischargeable debts").

Because the debtor is eligible for a discharge, the issue raised by the motion is thus not moot. The debtor in this case clearly suffers from the ultimate disability in terms of his ability to participate in an in person, telephone, or Internet briefing (or instructional course on financial management) – the debtor is dead.[3] The motion is granted.

# # #

---

[2] On the theory, one supposes, that only the unavoidable intervention of the debtor's death prevented the debtor from receiving the discharge he was otherwise scheduled to receive, assuming no outstanding objections to discharge.

[3] We are fortunate indeed that Congress saw fit to provide a disability exception in section 727(a)(11). Otherwise, when a debtor dies prior to discharge, the effect would be to deprive the probate estate of the benefit of the debtor's having sought bankruptcy protection in the first place – an odd outcome, considering that the apparent purpose of the new provision was to discourage debtors from getting into financial trouble again. Needless to say, a dead debtor is not getting into any more trouble – at least not in this world. And the probate estate is hardly in danger of profligacy either (though perhaps the estate's beneficiaries perhaps should be required to complete an instructional course in financial management as a pre-condition to their receiving their inheritance?).